**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

ANTHONY FRANKLIN,

              Petitioner,

    v.

KEN HOLLIBAUGH, et al.

              Respondents.

CIVIL ACTION NO. 3:25-CV-01805

(MEHALCHICK, J.)

## MEMORANDUM

Petitioner, Anthony Franklin ("Franklin") initiated this action by filing a petition for writ of habeas corpus on September 26, 2025. (Doc. 1). Franklin raises thirty separate claims of ineffectiveness of trial counsel and one claim based on after discovered evidence. (Doc. 1; Doc. 21, at 2). Respondents Ken Hollibaugh, David W. Sunday. Jr., and Daniel P. Lynn (together "Respondents") moved to dismiss Franklin's petition on December 4, 2025, and Franklin moved to strike Respondents' motion to dismiss on December 15, 2025. (Doc. 11; Doc. 14). Before the Court is the Report and Recommendation of the Honorable Magistrate Judge Leo A. Latella addressing the petition (Doc. 1), Respondents' motion to dismiss the petition (Doc. 11), and Franklin's motion to strike Respondents' motion to dismiss. (Doc. 14). The report recommends Respondents' motion to dismiss (Doc. 11) be granted, Franklin's motion to strike (Doc. 14) be denied, and Franklin's petition (Doc. 1) be dismissed without prejudice. (Doc. 21, at 28). The Court agrees with the conclusions set forth in the report. (Doc. 21). Accordingly, Respondents' motion to dismiss (Doc. 11) will be **GRANTED** and Plaintiff's objections will be **OVERRULED**; Franklin's motion to strike (Doc. 14) will be **DENIED**; and Franklin's petition (Doc. 1) will be **DIMISSED** without prejudice.

## I.    BACKGROUND

This case arises from Fraklin's conviction in the Court of Common Pleas of Columbia County and sentence to, *inter alia*, life imprisonment on December 27, 2018. (Doc. 21, at 1). After the Pennsylvania Superior Court affirmed Franklin's conviction and sentence and the Pennsylvania Supreme Court denied Franklin's petition for allowance of appeal, Franklin filed a petition for post-conviction relief under the Pennsylvania Post-Conviction Relief Act ("PCRA") on December 17, 2021 in the Columbia County Court of Common Pleas. (Doc. 21, at 2; Doc. 22, ¶ 4). On March 4, 2022, the Court of Common Pleas appointed Franklin with PCRA counsel, who filed a motion to amend the PCRA petition, motion to compel discovery, motions to approve payment to an investigator, and motions to compel production of Franklin's case file from the underlying matter. (Doc. 21, at 2-6-7). Franklin submits that the Court of Common Pleas has not yet ruled on his second request for investigator funds or his motion to compel discovery. (Doc. 22, ¶ 13, 15).

On July 8, 2024, the Court of Common Pleas directed Franklin to file a second amended PCRA petition which Franklin filed on December 19, 2024. (Doc. 21, at 7). On December 30, 2025, the Court of Common Pleas denied Franklin's second amended PCRA petition and granted him 90 days to file a revised petition. (Doc. 21, at 7). Instead of revising, Franklin filed a response to the December 30, 2025 order indicating that he stood on the PCRA petition as filed. (Doc. 21, at 7). On January 20, 2026, the Commonwealth filed a motion to deem the Court of Common Pleas' December 30th order a notice of intent to dismiss and dismiss Franklin's second amended PCRA petition. (Doc. 21, at 7). On February 4, 2026, Judge D. James, who presided over the PCRA claim, recused himself, and the matter remains pending. (Doc. 21, at 7-8).

On September 26, 2025, Franklin filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence from the Columbia County Court of Common Pleas. (Doc. 1; Doc. 21, at 4). Respondents filed a motion to dismiss the petition as premature on October 7, 2025. (Doc. 21, at 5). Franklin filed a motion to strike Respondents' motion to dismiss because it was written in a brief format and not in numbered paragraphs. (Doc. 21, at 5). Franklin filed an "answer" to the motion to dismiss, which was docketed as a brief in opposition on December 22, 2025, and a brief in support of his motion to strike on December 24, 2025. (Doc. 21, at 5). On January 6, 2026, Franklin filed a supplement advising the Court of the status of his PCRA petition pending in the Court of Common Pleas. (Doc. 21, at 5). On March 4, 2026, Respondents filed a reply brief in compliance with the Magistrate Judge Latella's February 18, 2026 order. (Doc. 21, at 5). Magistrate Judge Latella issued the report recommending that the Court grant Respondents' motion to dismiss, deny Franklin's motion to strike, and dismiss Franklin's petition without prejudice. (Doc. 21, at 28). On February 8, 2026, Franklin timely filed objections as well as a memorandum in support. (Doc. 22; Doc. 23). Accordingly, this matter is ripe for disposition.

## II.    LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de*

*novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

III.    **DISCUSSION**

The report recommends that the Court deny Franklin's motion to strike, grant Respondents' motion to dismiss, and dismiss Franklin's petition without prejudice because (1) Franklin was not prejudiced by Respondents' failure to utilize numbered paragraphs in the motion to dismiss and (2) the instant petition is premature because Franklin has not exhausted his state remedies and exhaustion cannot be waived because neither the Commonwealth or the state court inordinately delayed or frustrated the state court proceedings. (Doc. 21, at 4, 11, 14-24). Franklin makes several objections to the report. (Doc. 159-1, at 2). First, Fraklin objects to the report's characterization that he contends he should be excused from exhausting his state remedies. (Doc. 22, at 5). Franklin submits instead that the Pennsylvania courts have had sufficient opportunity to review his PCRA petition, the Pennsylvania courts have shown that they are unwilling or incapable of fully and fairly reviewing his PCRA petition, and any

deference to the Pennsylvania courts would violate his due process rights under the Fourteenth Amendment. (Doc. 22, at 5, 9). Second, Franklin objects to the report's conclusion that the Respondents' motion to dismiss is "sufficiently pled." (Doc. 22, at 7, 9). Third, Franklin submits that the report misunderstands the turning over of records to PCRA counsel, the thrust of Franklin's discovery motion, the "trail" pursuing investigator funds. (Doc. 22, at 8-9). Finally, Fraklin avers that the report fails to address the suspicious nature and timing of the Pennsylvania court's order, Fraklin's health and age, and the constitutionality of the federal statutes governing habeas corpus review. (Doc. 22, at 10-11).

A. FRANKLIN'S FEDERAL HABEAS PETITION IS PREMATURE.

Fraklin objects to the report's characterization that he contends he should be excused from exhausting his state remedies. (Doc. 22, at 5). Franklin instead submits that the Pennsylvania courts have had sufficient opportunity to review his petition, the Pennsylvania courts have shown that they are unwilling or incapable of fully and fairly reviewing his petition, and deference to the Pennsylvania courts would violate his due process rights under the Fourteenth Amendment. (Doc. 22, at 5, 9).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") bars relitigating claims adjudicated on the merits in state court, unless the state court determination resulted in a decision contrary to or unreasonably applying clearly established federal law or the state court decision was based on an unreasonable determination of the facts given the evidence presented. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 562 U.S. 86, 98 (2011). As explained in the report, the AEDPA requires petitioners to first demonstrate that they have exhausted the available state court remedies, such as relief under the PCRA, before seeking federal habeas relief. (Doc. 21, at 12); 28 U.S.C. 2254(b)(1)(A). However, "inexcusable or

inordinate delay" by the state court may "render the state remedy effectively unavailable" and may excuse the AEDPA exhaustion requirement. (Doc. 21, at 13); *Lee v. Stickman*, 357 F.3d 338, 341 (3d Cir. 2004). Stated differently, the Court does not have jurisdiction over Franklin's federal habeas petition unless the available state court remedies have been exhausted or the state court caused inexcusable or inordinate delay in Franklin's PCRA proceeding. *See* 28 U.S.C. 2254(b)(1)(A); *see also Lee*, 357 F.3d at 341. The exhaustion requirement should only be excused in extraordinary circumstances, where complete lack of process has been made in state court proceedings because the exhaustion requirement is rooted in the principles of comity foundational to our dual system of government. *Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986) (excusing the exhaustion requirement based a complete lack of progress made in state court proceedings for thirty three months); *LoDuca v. McGinley*, No. 4:23-cv-1444, 2024 WL 436355, at *3 (M.D. Pa. Feb. 5, 2024) (noting the exhaustion rule should be rigorously enforced to comport with the principles of comity).

The report does not defer to any substantive analysis from the state court on Franklin's eligibility for post-conviction relief. *See* (Doc. 21). The report evaluates the state court docket on Franklin's PCRA petition to determine whether Franklin's available state court remedies have been exhausted and whether the exhaustion requirement should be excused by the Court. (Doc. 21, at 11-24). Whether Franklin asserted that he should be excused from exhausting the available state court remedies or asserted that the state court is unwilling or incapable of fully and fairly reviewing his petition is a distinction without a difference. *See Lee*, 357 F.3d at 341. The Court agrees with the report's conclusion that the available state court remedies have not been exhausted and the state court's delay in adjudicating Franklin's PCRA petition was not inordinate or inexcusable. (Doc. 21, at 11-24). Franklin's PCRA case

has progressed, albeit slowly, with the state court appointing counsel, granting Franklin's motion to compel the production of trial counsel's file, granting Franklin's motion for funds for an investigator, and allowing Franklin to amend his PCRA petition for a third time. (Doc. 21, at 21). While motions are still pending, the adjudication of Franklin's PCRA claim in the state court has progressed and does not amount to an inordinate delay. *Wojtczak*, 800 F.2d at 354; *LoDuca*, 2024 WL 436355, at *3. Accordingly, Fraklin's federal habeas petition is premature, Franklin's objection is **OVERRULED**, and Respondents' motion to dismiss (Doc. 11) is **GRANTED**.

B. FRANKLIN'S ADDITIONAL OBJECTIONS LACK THE SPECIFICITY REQUIRED BY 28 U.S.C. § 636(B)(1).

Franklin's additional objections consist of an objection to the report's conclusion that Respondents' motion to dismiss was sufficiently drafted and miscellaneous objections regarding the report's alleged mischaracterizations of the nature of pending motions in the PCRA proceeding and the report's alleged failure to address certain contentions of Franklin. (Doc. 22, at 7-12). To support his objection to the report's conclusion that Respondents' motion to dismiss was sufficiently pled, Franklin submits that the report is "internally inconsistent" because it concludes that the Respondents' vague motion to dismiss is "sufficiently pled," while also concluding that the second amended PCRA Petition was inadequately pled. (Doc. 22, at 7). However, in the brief in support of his objections, Franklin discusses why the second amended PCRA petition is not difficult to decipher, without addressing why he finds the report erred in finding Respondents' motion to dismiss adequately drafted and not prejudicial to Franklin. (Doc. 22, at 13-19). Franklin also submits that the report misunderstands the turning over of records to PCRA counsel, the thrust of Franklin's discovery motion, and the "trail" pursuing investigator funds. (Doc. 22, at 8-9).

7

Fraklin further avers that the report fails to address the suspicious nature and timing of the Pennsylvania court's order, Fraklin's health and age, and the constitutionality of the federal statutes governing habeas corpus review. (Doc. 22, at 10-11).

District courts are only required to make de novo determinations of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Goney*, 749 F.2d at 6; *Shultz v. Cnty. of Franklin*, No. 1:23-CV-00425, 2024 WL 5695914, at *1 (M.D. Pa. 2024). Objections that are general in nature lack the specificity required by § 636(b)(1), and de novo review of such general objections would "undermine the efficiency the magistrate system was meant to contribute to the judicial process." *Goney*, 749 F.2d at 7. Local Rule 72.3 requires that "written objections . . . shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." If a petitioner makes general objections, review is properly limited to determining whether there is clear error or manifest injustice in the report. *Boomer v. Lewis*, 3:06-CV-0850, 2009 WL 2900778, at *1 (M.D. Pa. 2009) (citing *Shields v. Astrue,* No. 3:CV–07–417, 2008 WL 4186951, at *6, *9 (M.D. Pa. Sept. 8, 2008)).

Franklin's objection that the report is "internally inconsistent" because it found the Respondents' motion to dismiss to be "sufficiently pled" and noted the number of claims in Franklin's 64-page supplement[1] to be difficult to decipher is a general objection, lacking the specificity required by § 636(b)(1). Whether the second amended PCRA petition was

---

[1] The report contends that if the 64-page supplement was in fact a copy of the second amended PCRA petition, that the precise number of claims asserted would be difficult to decipher. (Doc. 21, at 21 n.4).

adequately pled is an issue presently before the state court, unrelated to the question of whether Respondents' choice not to use numbered paragraphs in their motion to dismiss the federal habeas petition warrants striking the motion. (Doc. 21, at 7-8). The Court agrees with the report's conclusion that Respondents' motion to dismiss clearly indicates the basis of the motion and that Franklin was not prejudiced by the Respondents' failure to use numbered paragraphs. (Doc. 21, at 11); *see* 5A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 1322 (4th ed. 2022) ("a district court should direct a pleader to paragraph only when the existing form of the pleading is prejudicial or renders the framing of an appropriate response extremely difficult"). Franklin fails to directly address any prejudice resulting from Respondents' failure to number their paragraphs by discussing why his second amended PCRA petition was not difficult to decipher. *See* 28 U.S.C. § 636(b)(1); *see Goney*, 749 F.2d at 6; *see also Shultz*, 2024 WL 5695914, at *1. Accordingly, Franklin's objection is **OVERRULED,** and Franklin's motion to strike Respondents' motion to dismiss is **DENIED**. (Doc. 14).

Likewise, Franklin's contentions that the report misunderstands the turning over of records to PCRA counsel, the thrust of Franklin's discovery motion, and the "trail" pursuing investigator funds fail to respond to any specified proposed findings or recommendations in the report. (Doc. 22, at 8-9). Franklin does not specify how the report's alleged misunderstanding relates to the prematurity of his federal habeas petition. *See* (Doc. 22; Doc. 23). Franklin instead asserts that his PCRA counsel is not psychic and could not possibly determine what was missing from the files produced. (Doc. 22, at 8; Doc. 23, at 11). The Court agrees with the report's conclusion that discovery and funding disputes have caused delays in Franklin's PCRA proceedings and that these delays do not constitute inordinate delay. (Doc. 21, at 24); *supra* Section III.A. Franklin's objection that the report

mischaracterized him as psychic regarding the production, discovery, and funding delays, fails to object to any actual proposed findings or recommendations in the report. *See* 28 U.S.C. § 636(b)(1); *see* L.R. 72.3; *see Goney,* 749 F.2d at 6; *see also Boomer,* 2009 WL 2900778, at *1 (citing *Shields,* 2008 WL 4186951, at *6, *9).

Fraklin further avers that the report fails to address the suspicious nature and timing of the Pennsylvania court's order, Fraklin's health and age, and the constitutionality of the federal statutes governing habeas corpus review. (Doc. 22, at 10-11). However, the report directly addresses the nature and timing of the state court's December 30, 2025 order. (Doc. 21, at 20-21). The report directly addresses Franklin's health and age in its discussion of Respondents' motion to dismiss. (Doc. 21, at 12 n.3, 13, 24). The report also directly discusses the constitutionality of 28 U.S.C. § 2254 governing habeas review, in its discussion of the principle of comity, which gives the state court the initial opportunity to adjudicate before federal courts can review a state court conviction under § 2254. (Doc. 21, at 23-24). Regardless of whether the report addressed the points Franklin alleges the report failed to address, Franklin's objections to what the report failed to address do not conform with 28 U.S.C. § 636(b)(1) or local rule 72.3 because they do not to respond to the findings in the report that Franklin's federal habeas petition is premature and the form of Respondents' motion to dismiss did not prejudice Franklin. *See* 28 U.S.C. § 636(b)(1); *see* L.R. 72.3; *see Goney,* 749 F.2d at 6. Accordingly, Franklin's miscellaneous objections to the report's misunderstanding of the PCRA proceeding and failure to address certain contentions are **OVERRULED**.

## IV.   CONCLUSION

The court has reviewed the Report and Recommendation of Magistrate Judge Latella and agrees with its conclusions. (Doc. 21). The report is therefore adopted as the decision of

the Court. Franklin's objections to the report are **OVERRULED**. (Doc. 22; Doc. 23). Respondents' motion to dismiss (Doc. 11) is **GRANTED**, Franklin's motion to strike (Doc. 14) is **DENIED**, and Franklin's petition (Doc. 1) is **DIMISSED** without prejudice.

An appropriate Order follows.

                                        **BY THE COURT:**

Date: April 21, 2026                    *s/ Karoline Mehalchick*

                                        **KAROLINE MEHALCHICK**
                                        **United States District Judge**

11